SAMUEL A. WAY vs. GEORGE H. BUTTERWORTH & others.

Evidence that a place in Boston is called "Bank of the Metropolis," that it has that name over the door, and that notes are discounted there and accounts kept there with depositors, does not justify a ruling that the place is a bank, and therefore a proper place to present a note payable at "any bank in Boston;" but the question is for the jury.

If, to impeach a witness, evidence is offered of statements made by him before the grand jury, he may testify, in rebuttal, what those statements were.

CONTRACT on a promissory note "payable at any bank in Boston," made by the defendant George H. Butterworth, and indorsed by the other defendants, Albert F. Butterworth and Willard Manuel.

At the trial in the superior court, before *Rockwell*, J., a notary public testified that he, at the request of the plaintiff, presented the note for payment at a place on State Street in Boston called the "Bank of the Metropolis," and demanded payment thereof, which was refused; and that he did not know whether the place was a bank or not, but that the words "Bank of Metropolis" were over the entrance. The plaintiff introduced evidence that notes were discounted at said place, and accounts kept there with depositors, one of whom was Manuel, to whose account the avails of the discount of this note were passed. This was all the testimony relating to the question whether the place was a bank. The defendants contended that this Bank of the Metropolis, so called, was not a bank within the meaning of the contract, but a copartnership doing business under that style; but the judge ruled that it was a bank for the purpose of presentment of the note.

The defendants, for the purpose of impeaching the notary public upon whose testimony the plaintiff relied to prove notice to the indorsers, called a witness who without objection testified to the statements made by the notary when examined as a witness before the grand jury, in regard to his giving notice of nonpayment to Manuel. The plaintiff then recalled the notary, and offered to prove by him what statements he made before the grand jury. The defendants objected; but the judge admitted the evidence.

The jury returned a' verdict against all the defendants, and they alleged exceptions.

*D. C. Linscott*, for the defendants.

*H. D. Hyde*, for the plaintiff.

CHAPMAN, C. J.   The note declared on was made by its terms "payable at any bank in Boston." The word "bank" has long had a well defined signification in this Commonwealth, and has been applied to institutions incorporated for banking purposes, but not to offices kept by individuals or copartnerships for the purpose of doing such banking business as such persons have been authorized to do.

The evidence offered by the plaintiff was admissible, and it would have been competent to the jury to find that the place called "Bank of the Metropolis" was a bank. But the ruling of the court upon this evidence, that it was a bank, included a decision as to the truth of the evidence, and this was a matter for the jury and not for the court. For this reason only, the exceptions must be sustained.

After the evidence of the defendants had been put in to prove what the notary had testified before the grand jury, it was clearly competent to contradict it by the testimony of the notary proving what his statements were. The fact that this evidence related to what had been said by witnesses before the grand jury was no objection to its admissibility on either side. *Commonwealth* v. *Mead*, 12 Gray, 167.

The exception sustained is valid only as to the indorsers. As to the maker of the note, the verdict must stand.

*Ordered accordingly.*