WILLARD G. NASH vs. CHARLES H. BROWN.

Suffolk.   November 25, 1895. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Presentment at Trust Company of Note made payable at " any Bank " —
Sufficiency of Protest.*

The presentment for payment at the office of a loan and trust company in Boston of a promissory note made "payable at any bank in Boston" is not sufficient to charge an indorser thereon.

CONTRACT, upon a promissory note, made " payable at any bank in Boston," to the order of the defendant, and by him indorsed.   Trial in the Superior Court, without a jury, before *Mason*, C. J., who, at the defendant's request, ruled that the Massachusetts Loan and Trust Company, at whose office in Boston the note was presented for payment, was not a " bank " within the meaning of the note, and that the defendant could not be held as indorser.   The plaintiff alleged exceptions.

*H. J. Edwards*, for the plaintiff.

*E. O. Cooke*, for the defendant.

FIELD, C. J.   This is an action against an indorser on a promissory note, made " payable at any bank in Boston."   The note was duly presented for payment at the office of the Massachusetts Loan and Trust Company in Boston, and was duly protested by a notary public for non-payment.   The question is whether the Massachusetts Loan and Trust Company is a bank, as that word is used in the promissory note.

The meaning of the word " bank " has been considered in *Way* v. *Butterworth*, 106 Mass. 75 ; *S. C.* 108 Mass. 509.   The Massachusetts Loan and Trust Company is a corporation, but it is not a national bank, and not a State bank within the meaning of Pub. Sts. c. 118.   It was incorporated by St. 1870, c. 323, under the name of the Northampton Loan and Trust Company, and by St. 1875, c. 16, was allowed to change its name to that of the Massachusetts Loan and Trust Company, and to have its location in Boston.   See St. 1881, c. 95 ; St. 1888, c. 413.   We assume that it has the power to discount commercial paper, and

to perform many other acts which banks of issue and deposit usually perform. But our statutes make a distinction between trust companies organized under our laws, and banks, and we are not aware that such trust companies are commonly called banks, or that there is any well established custom to present promissory notes and bills of exchange payable at a bank to such trust companies for payment. The present case discloses no evidence of any such custom. We are of opinion that the ruling was right. *Exceptions overruled.*