## 5010.  DUNN v. THE STATE.

1. An indictment based upon section 204 of the Penal Code, which alleges that a named trust company was "a corporation duly incorporated and chartered under the laws of Georgia, and doing and carrying on a banking business, and was a bank," sufficiently avers that the institution named was "a chartered bank," within the meaning of that section of the code.

2. A company incorporated mainly for the purpose of exercising, and vested with, the powers usually conferred upon companies authorized to act as guardian, receiver, or other trustee, is not a "chartered bank," within the purview of a penal law, merely because it may be empowered to exercise, as a mere incident to the main object of incorporation, some of the functions of a bank.

3. The words "chartered bank," as used in section 204 of the Penal Code, refer to a corporation, having the powers and exercising as the main object of its creation all or some of the functions of a bank, prescribed in section 2266 of the Civil Code.

4. There is nothing in the decision in *Mulherin* v. *Kennedy*, 120 *Ga.* 1080 (48 S. E. 437), which requires a ruling that a trust company incorporated merely as such under the provisions of section 2815 et seq. of the Civil Code is a "chartered bank," within the meaning of the penal laws of this State relating only to such banks.

5. A company incorporated merely as a trust company under the provisions of the act of 1898 (Civil Code, § 2815 et seq.) is not a chartered bank, though it exercises, as an incident to the main object of its creation, the power to receive trust funds on deposit and the power to lend money.

6. Under the act of 1898, trust companies incorporated under its provisions "may acquire and exercise all the rights and privileges and be subject to the same liabilities and restrictions as apply to banks, upon compliance with the laws of this State providing for the incorporation and regulating the business of banks."

7. The provisions quoted in the preceding headnote mean simply that a trust company may obtain a charter as a bank, and, after having done so, may exercise, in addition to its other powers, all the functions of a bank. If a trust company incorporated under the act should avail itself of this provision and thus acquire the privileges of a bank, it would be a chartered bank within the meaning of the penal laws of this State, though exercising the dual functions of a trust company and a bank.

8. Whether the courts know judicially without proof that a trust company incorporated under the act of 1898 has or has not obtained a charter conferring upon it banking privileges as authorized by that act is not involved in the present case, and for that reason is not decided.

9. Upon the trial of the present indictment the State carries the burden of proving that the trust company named in the indictment is a chartered bank. This burden can not be successfully carried unless it appears that the company has obtained a charter authorizing it to exercise the privileges of a bank.

DECIDED AUGUST 25, 1913.

Indictment for fraudulent insolvency of bank; from Richmond superior court—Judge H. C. Hammond. June 9, 1913.

*Charles A. Picquet, J. K. P. Bryant, Gunter & Giles,* for plaintiff in error.

*A. L. Franklin, solicitor-genera., John M. Graham,* contra.

POTTLE, J. The plaintiff in error was indicted for violating the provisions of the act of 1833, codified in section 204 of the Penal Code. The indictment (omitting formal parts) was in the following words: "For that the said B. Sherwood Dunn, in the county aforesaid, on the 19th day of July, nineteen hundred and twelve, with force and arms and unlawfully, being then and there a director of the Citizens Trust Company, a corporation duly incorporated and chartered under the laws of Georgia, and doing and carrying on a banking business, and was a bank in said State and county and City of Augusta, Georgia, and, as such officer and director of said corporation and bank, being by law charged with the fair and legal administration of its affairs, the said Citizens Trust Company, then and there pending and during the said official charge and responsibility of the said B. Sherwood Dunn, did then and there be and become fraudulently insolvent; contrary to the laws of said State, the good order, peace, and dignity thereof." The accused demurred, upon the ground that no criminal offense was charged, because the statute under which the indictment was framed applies only to officers of a chartered bank, and the indictment shows on its face that the accused was not an officer of a chartered bank, and because the officers of a chartered trust company are not punishable for its insolvency, whether fraudulent or not. The demurrer was overruled, and the accused excepted.

1. Under section 204 of the Penal Code "every insolvency of a chartered bank . . shall be deemed fraudulent," and the president and directors punished therefor, unless they can show that the affairs of the bank have been fairly and legally administered. In *Youmans* v. *State, 7 Ga. App.* 101, the act of 1833 was discussed at length. It was there held that notwithstanding we now have no State banks of issue, the act has not become obsolete, but is applicable to any chartered bank. It was further held in that case that it was competent for the General Assembly to prescribe, as a rule of evidence, as was done in the act under consideration, that mere proof of the insolvency of a chartered bank raises a presumption

against the officers named in the act that the insolvency was fraud-
ulent and that the officers thus named participated in the fraud.   By
the very letter of the statute it applies only to chartered banks;
and therefore, unless the indictment sufficiently charges that the
corporation of which the plaintiff in error was a director was a
chartered bank, the indictment is fatally defective.   His contention
is that the allegations of the indictment show that the company in
which he was director was not a chartered bank, but a trust com-
pany organized under the provisions of the act of 1898, codified in
article 8 of the Civil Code, § 2815 et seq.   The indictment charges
that the Citizens Trust Company "was a corporation duly char-
tered under the laws of Georgia."   So there can be no question
that it is sufficiently alleged that the company was duly chartered.
It is further averred that the company "was doing and carrying on
a banking business and was a bank."   Having alleged in one place
that the company was duly chartered and in another that it was a
bank, it is clear that it sufficiently appears in the indictment that
the corporation was "a chartered bank."   It is contended that the
very name of the corporation shows it was a trust company, and
not a bank, but there is no statute in this State, like there is in
some others, requiring that the word "bank" shall appear in the
name of every corporation clothed with banking powers.   Certainly
it was not essential that the word "incorporated," or "chartered,"
and the word "bank" should have appeared in the indictment in
juxtaposition.   It is enough if it appears from the indictment as a
whole that the institution was a chartered bank; that is to say, a
corporation clothed with the powers usually exercised by banking
institutions.   Since the Citizens Trust Company may be a bank, and
as it is alleged to be a bank duly chartered under the laws of this
State and engaged in the banking business, the indictment was not
subject to the demurrer.

2.   It seems to have been conceded, however, that the Citizens
Trust Company was organized under the act of 1898, appearing in
the Civil Code, § 2815 et seq.; and as the point can be made upon
the trial, we deem it proper to express our views upon the main
question which it is sought to raise by the demurrer, viz., whether
an institution incorporated under the act of 1898 is a "chartered
bank" within the meaning of the provisions of the act of 1833, codi-
fied in section 204 of the Penal Code.   The mere fact that a com-

pany organized under the act of 1898 may exercise some of the functions of a bank would not make it a bank within the meaning of a penal law subject to a strict construction in favor of one charged with its violation. Mercantile National Bank *v.* New York, 121 U. S. 138 (7 Sup. Ct. 826, 30 L. ed. 895) ; State *v.* Reid, 125 Mo. 43 (28 S. W. 172) ; Wells, Fargo & Co. *v.* Northern Pacific Railway Co., 23 Fed. 469 ; Nash *v.* Northern Pacific Railway Co., 23 Fed. 469 ; Nash *v.* Brown, 165 Mass. 384 (43 N. W. 180) ; Jenkins *v.* Neff, 163 N. Y. 320 (57 N. E. 272) ; 3 Am. & Eng. Enc. Law (2d ed.), 791. In the *Youmans* case, supra, this court held that section 204 would not be so strictly construed as to exclude all banks save banks of issue, such as were in existence when the act of 1833 was passed, but that the section, having been re-enacted in the several codes, would now apply to all corporations clothed with the functions and carrying on the business of banks. Assuming that the Citizens Trust Company was incorporated under the act of 1898, the question is, is it a "chartered bank;" or, to state the question somewhat differently, does the act of 1898 confer upon persons incorporated under its provisions the powers and functions usually exercised by banks?

3. Banks are of three kinds: banks of deposit, which include savings banks and all others that receive money on deposit; banks of discount, being those which lend money on collateral or by means of discounts of commercial paper; and banks of circulation, which issue bank-notes payable to bearer. Rapalje & L. Law Dict., tit. "Bank." "A bank is an institution for the custody and loan of money, the exchange and transmission of the same by means of bills and drafts, and the issuance of its own promissory notes, payable to bearer, as currency; or for the exercise of one or more of these functions." 3 Am. & Eng. Enc. Law (2d ed.), 789. "A bank is an institution, usually incorporated, with power to issue its promissory notes, intended to circulate as money (known as 'bank notes') ; or to receive the money of others on general deposit, to form a joint fund that shall be used by the institution for its own benefit, for one or more of the purposes of making temporary loans and discounts, of dealing in notes, foreign and domestic bills of exchange, coin, bullion, credits, and the remission of money or with both these powers, and with the privileges, in addition to these basic powers, of receiving special deposits, and makir    collections

for the holders of negotiable paper, if the institution sees fit to engage in such business." 1 Morse on Banks (4th ed.), § 2. See, also, Boone on Banking, § 3, p. 6; 1 Bolles on Banking, 2. When the General Assembly re-enacted the act of 1833 as found in the code, the term "bank," as therein used, must have been understood in the sense in which it is commonly accepted; that is, to apply only to an institution exercising the main functions of a bank, such as receiving money on general or special deposit, discounting commercial paper in the usual course of trade, and lending money on approved collateral. The functions of a bank in this State are prescribed by statute and are limited. In addition to the usual powers of corporation, a bank is authorized "to hold, purchase, dispose of, and convey such real and personal property as may be necessary for its uses and business; to discount bills, notes, or other evidences of debt; to receive and pay out deposits, with or without interest; to receive, on special deposit, money or bullion, or foreign coins, or stock, or bonds, or other securities; to buy or sell foreign or domestic exchange, or other negotiable paper; to lend money upon personal security, or upon pledges of bonds, stocks, or negotiable securities; to take and receive security, by mortgage or otherwise, on property real or personal; to increase or decrease the capital stock in the manner hereinafter provided." Civil Code, § 2266 (6), (7), (8). The words "chartered bank," as used in section 204 of the Penal Code, refer to a corporation having the powers and exercising in whole or in part, as the main object of its creation, the functions prescribed by section 2266 of the Civil Code. In other words, if a chartered institution has for its primary object the exercise of all or some of the principal functions prescribed by this statute, it is a chartered bank. If such was not the main purpose of its organization, it is not a chartered bank within the meaning of the penal law under which the indictment was framed.

4. Under the constitution of this State all charters to "banking" companies shall be issued and granted by the secretary of State. Civil Code, § 6446. It has been held that the act of 1898, "authorizing the secretary of State to grant charters to trust companies with banking privileges," is not violative of this provision of the constitution. *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (48 S. E. 480). The precise question now being dealt with was not involved

in that decision.  The General Assembly may constitutionally authorize the secretary of State to incorporate a trust company with some of the incidental powers usually exercised by banks, but this does not mean that such an institution would be a "chartered bank" within the meaning of the Penal Code.  At least prior to the act of 1898 the superior courts could grant charters to companies to perform many, if not all, of the functions exercised by trust companies under the act of 1898.  The act of August 13, 1910, is a recognition of this.  Acts 1910, p. 98.  But a company so incorporated, no matter what its powers, could not be said to be a "chartered bank;" for banks, since the constitution of 1877, can only be incorporated by the secretary of State.

5.  The powers of a trust company incorporated under the act of 1898 are set forth in section 2817 of the Civil Code.  In general these powers are those which are necessary or proper to be exercised by one performing the functions of a trustee for an individual or a body corporate, or of a legal representative of an estate, or of a guardian, receiver, or the like.  They bear little or no similarity to the powers usually conferred upon banking institutions.  It is true a trust company under the act has power "to receive deposits of trust moneys, securities, and other personal property from any person or corporation, and to loan money on real estate or personal securities" (Civil Code, § 2817, par. 4) ; but it does not, like a bank, receive money on deposit subject to check, or engage in the business of discounting commercial paper in the usual course of business, as a bank does.  Civil Code, § 2817 (12).  The lending of money is one of the functions of a bank, but this does not make every money-lender a banker.  Receiving money or security on special deposit for safe-keeping is another function of a bank, but it does not follow that every such fiduciary is engaged in the business of banking.  These powers, conferred under the act of 1898, are merely incidental to the main object of the enactment, which is to authorize bodies corporate under the statute to act as guardian, executor, receiver, or other trustee, and as such (but not as a bank) to exercise certain incidental powers, some of which are also performed by banks.  It seems clear that a company which is incorporated merely as a trust company under the act of 1898 is not a chartered bank.

6.  The foregoing discussion has proceeded upon the assumption

that the corporation has acquired only the special powers conferred by the act of 1898, and has not availed itself of the privilege granted in paragraph 12 of section 2817, which provides that any company incorporated under the act "may acquire and exercise all the rights and privileges and be subject to the same liabilities and restrictions as apply to banks, upon compliance with the laws of this State providing for the incorporation and regulating the business of banks." This provision is itself a legislative declaration that a company organized under the act is not to be regarded as a bank unless it "complies with the laws of this State providing for the incorporation and regulating the business of banks;" that is to say, unless it applies for and has granted to it a charter as a bank under the provisions of section 2262 of the Civil Code. In this connection it is also significant that under section 2821 any savings bank, trust, security, or guarantee company, incorporated before the act of 1898 and having a paid-up capital of not less that $100,000, may obtain the privileges conferred by the act upon complying with specified conditions. It is manifest that the General Assembly intended to put companies incorporated under the act in a class by themselves, having only the powers conferred and subject alone to the liabilities and restrictions imposed by the act and by such general laws as apply to all corporate bodies.

7. If, however, a trust company incorporated under the act of 1898 should apply for and obtain a charter as a bank, it would be "subject to the same liabilities and restrictions as apply to banks," civil as well as penal. It would then become a chartered bank. It would be both a trust company and a bank. There is no constitutional objection to the General Assembly conferring upon trust companies banking privileges, nor upon banks the functions of a trust company. If the latter should be done, the institution would not cease to be a bank; and if the former, it would become a bank, though retaining, in addition to its banking privileges, the functions of a trust company. If this should be done, the company would be invested with *all* the functions of a bank, and not with *some* of them merely; and hence the authorities cited above and relied on by counsel for the plaintiff in error would not be applicable.

8. There is nothing in the indictment to indicate whether the Citizens Trust Company was incorporated under the act of 1898, or whether, if so, it has availed itself of the privilege conferred by

that act and obtained a charter as a bank.    There is some doubt whether we ought to take judicial cognizance of the company's charter, and we prefer to leave this an open question.    See *Atlanta & West Point R. Co.* v. *Atlanta &c. Railroad Co.,* 124 *Ga.* 125 (52 S. E. 320); *Atlanta Terra Cotta Co.* v. *Georgia Railway Co.,* 132 *Ga.* 537 (64 S. E. 563); *White* v. *Atlanta Railroad Co.,* 5 *Ga. App.* 308 (63 S. E. 234); *Hartwell Ry. Co.* v. *Kidd,* 10 *Ga. App.* 771 (74 S. E. 310).   If the courts can take judicial cognizance of what appears on the executive minutes or files of the government (*Ragland* v. *Barranger,* 41 *Ga.* 114), there would seem to be no good reason why they ought not to notice judicially any matter of public record in any of the departments of the government, such as charters in the office of the secretary of State, or the rules and regulations of the railroad commission, and the like.

9.   Upon the trial of the present case the burden will be upon the State to show that the Citizens Trust Company is a chartered bank.   If it should appear that the company was incorporated under the act of 1898 and given only the powers conferred by that act, then, under the view we take of the law, the defendant can not be convicted under the indictment.    On the other hand, if it should appear that in addition to having been incorporated under that act, the company has applied for and obtained a charter as a bank, as provided in paragraph 12 of section 2817 of the act, the company is to be regarded as a chartered bank, within the meaning of section 204 of the Penal Code.               *Judgment affirmed.*