## FARMERS' NAT. BANK v. JOHNSTON.

No. 9285—Opinion Filed Nov. 19, 1918.

(176 Pac. 236.)

(Syllabus.)

1. Evidence—Parol Evidence—Existence of National Bank.

Parol evidence is competent to prove the existence of a national bank, where its existence is called in question collaterally.

2. Banks and Banking — National Bank— Liquidation—Right to Sue.

A national bank, even in the process of liquidation, may sue and be sued in its own name until its affairs are completely settled.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by the Farmers' National Bank against John E. Johnston. Judgment for defendant, and plaintiff brings error. Reversed, and cause remanded for new trial.

McCombs & McCombs, for plaintiff in error.

W. L. Curtis and Thomas J. Watts, for defendant in error.

HARDY, J. The Farmers' National Bank commenced an action against John E. Johnston upon a postdated check drawn on the Sallisaw Bank & Trust Company in favor of Edwards & Co., and by them indorsed to the Farmers' State Bank, which latter institution was converted into the Farmers' National Bank. When the check was presented, payment was refused and the check protested.

The answer of defendant contained a specific denial of the corporate existence of plaintiff, which was duly verified. At the trial, plaintiff proved by oral testimony the existence of plaintiff as a national bank and the conduct of a general banking business by it, and also offered evidence as to the ownership of the check sued upon. At the close of the evidence, verdict was instructed for defendant. This was error. It was proper to prove the corporate existence of

plaintiff by parol evidence. Section 5112, Rev. L. 1910, makes exemplifications of the books of any department of the government of the United States, or any papers filed therein, admissible in evidence in the same manner and with like effect as the originals, when attested by the officer having custody of such originals, and 3 Federal Stat. Ann. p. 27 (U. S. Comp. St. 1916, § 1497), declares that copy of the incorporation certificate of any national banking association duly certified by the Comptroller of the Currency and authenticated by his seal of office shall be sufficient evidence, in all courts and places within the jurisdiction of the United States, of the existence of the association. It is contended that this statute makes the character of proof therein declared to be prima facie proof of the existence of such corporation the exclusive method by which such fact may be established. The statute does not so declare, nor has it been generally so held by the courts. In a direct action by the state for the purpose of determining the right of an alleged corporation to transact business, strict proof of due incorporation is required. Zane on Banks & Banking, § 23. But where the existence is called in question collaterally, that rule does not apply. Higbee v. Aetna Bldg. & Loan Ass'n, 26 Okla. 327, 109 Pac. 236, Ann. Cas. 1912B, 223. And in a majority of cases it is held that parol proof of corporate existence is sufficient to sustain a verdict. Way v. Butterworth, 106 Mass. 75; Farmers' & Drovers' Bank v. Williamson, 61 Mo. 261; Yakima National Bank v. Knipe et al., 6 Wash. 348, 33 Pac. 834; Pacific Drug Co. v. Hamilton, 71 Wash. 469, 128 Pac. 1069; Goldberg Brown & Co. v. Dimick et al., 169 Cal. 187, 146 Pac. 672. There are a number of authorities cited by counsel which merely hold that evidence of the character made prima facie by statute is sufficient to prove the corporate existence of a corporation. These authorities with but one exception do not hold that other evidence may not be offered. Sections 3682 and 3715, Rem. & Ball. Code of Washington, which is similar to our statute (section 1229, Rev. Laws 1910), provides for making prima facie proof of corporate existence and payment of the license fee by the certificate of the Secretary of State. It is held by the Supreme Court of that state that this method of establishing the fact is not conclusive, and this rule was applied to an action by a national bank. Yakima National Bank v. Knipe et al., supra.

It appeared that after suit was commenced the Farmers National Bank was placed in process of voluntary liquidation, and at the time of the trial its affairs had not been finally wound up. This did not affect its right to maintain the action. A national bank, even though in the process of liquidation, may sue and be sued in its own name until its affairs are settled. Oklahoma City National Bank v. Ezzard, 58 Okla. 251, 159 Pac. 267, L. R. A. 1918A, 411; Central National Bank of Baltimore v. Conn, Mutual Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693. And this is also true where a receiver has been appointed therefor by the Comptroller of the Currency. Bank of Bethel v. National Bank of Pahquioque, 81 U. S. (14 Wall.) 383, 20 L. Ed. 840; Chemical National Bank v. Hartford Deposit Co., 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595.

The judgment is therefore reversed, and the cause remanded for a new trial.