## McGuire v. Bastain Blessing Co.

(Decided Nov. 29, 1938.)

HENRY S. McGUIRE for appellant.

E. SELBY WIGGINS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Scott T. McGuire, on January 27, 1934, purchased from E. C. Lory a soda fountain to be installed in appellant's drugstore in Berea, Kentucky. Lory agreed to take in exchange a soda fountain then in appellant's drugstore as a part of the consideration, leaving a balance due of $750 to be paid as follows: $75 cash, $75 upon delivery of the fountain and the remaining $600 to be paid at the rate of $25 a month. McGuire paid $75 cash and executed to Lory his promissory note for $675, payable in monthly installments in accordance with the schedule included in the note. Appellant also signed a conditional sale contract which provided that the seller should retain title to the soda fountain until the note or any renewal thereof had been paid in full. The note and the contract were assigned by Lory to the appellee, Bastain Blessing Company, which was to furnish and install the soda fountain. Appellant paid $75 when the fountain was installed in May, 1934, and $25 on March 25, 1935, $25 on April 5, 1935, and $25 on May 17, 1935, leaving $525 due on the note. He failed to make further payments on the note, and on June 12, 1936, the Bastain Blessing Company brought this action in equity in the Madison circuit court to recover the sum of $525 with interest at the rate of 6 per cent. per annum, and to have the soda fountain sold and the proceeds applied to the satisfaction of its debt, interest and costs. In its petition it alleged that it was a corporation duly organized under the laws of the state of Illinois, having its office and principal place of business at Chicago, Illinois. In his answer, the defendant denied that the plaintiff was a corporation organized under the laws of the state of Illinois or any other state. In a counterclaim he sought to recover the amounts which he had paid to plaintiff, certain expenses which he alleged he had incurred, and $2,000 in damages al-

leged to have been caused by reason of plaintiff's delay in delivering the soda fountain. He further alleged that the soda fountain, when it did arrive, was inferior and of less value than that which he had purchased from Lory. After the issues were completed, an agreed order was entered submitting an issue out of chancery to a jury. The jury returned a verdict for $525, with interest from January 24, 1934, and they found for the defendant on his counterclaim in the sum of $300. The chancellor adopted the finding of the jury, entered judgment accordingly, and the defendant appeals.

At the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict on the ground that the plaintiff had failed to prove that it was a corporation. Over the defendant's objection, the court permitted D. A. Ward and Frank Schaeser to be recalled as witnesses. They testified that they were stockholders in the Bastain Blessing Company, and that it had been duly incorporated under the laws of Illinois. Ward was credit manager of the company, and Schaeser was a distributor for the company. The appellant insists that the court erred in admitting this evidence after the plaintiff had closed its case, and further that the plaintiff failed to prove it was a corporation even if the testimony of Ward and Schaeser is considered; and that his motion for a directed verdict should have been sustained. The introduction of additional testimony by the plaintiff, after it had closed its case, was a matter resting in the judicial discretion of the trial court. Consolidated Coach Corporation v. Phillips, 236 Ky. 823, 34 S. W. (2d) 722; Humpich's Trustees v. Louisville Gas & Electric Company, 269 Ky. 558, 108 S. W. (2d) 509. It is contended, however, that when the issue of the corporate existence of a party to an action is properly raised, strict proof of due incorporation is required, and parol proof of the existence of a corporation is not sufficient. When the existence of a corporation is called in question collaterally strict proof of due incorporation is not required. According to respectable authority, parol proof of corporate existence is sufficient to sustain a verdict. 13 Am. Jur. 1082, 1083; Farmers' National Bank v. Johnston, 71 Okl. 172, 176 P. 236, 3 A. L. R. 99. In the instant case, however, appellant dealt with appellee as a corporation and is estopped to deny its corporate existence. Yellow Chief Coal Company's Trustee v. Johnson, 166 Ky. 663, 179 S. W. 599; Jones v. Bank of

Tennessee, 8 B. Mon. 122, 46 Am. Dec. 540. He had an extensive correspondence with the corporation's officers at Chicago, and, more than a year after the execution of the contract and note, issued three checks to the corporation in payment of three past due installments on the note. In 8 Fletcher Cyclopedia Corporations (Permanent Edition) page 245, Sec. 3910, it is said:

"Contracting or dealing with an association as a corporation raises an estoppel to deny its corporate existence.

"Subject to the limitations and exceptions already noted, (None of which are applicable to this case) it is well settled, barring a contrary rule in one state (Maryland) that a person who contracts or otherwise deals with a body of men as a corporation thereby admits that they are a corporation, and is estopped to deny their incorporation, in an action against him based upon or arising out of such contract or course of dealing. In some of the decisions it is said that the courts, in this class of cases, really proceed upon a rule of evidence rather than upon the strict doctrine of estoppel, as it would appear that they have treated the contract with a party by a name implying a corporation really as evidence of the existence of a corporation, more than as an estoppel to disprove such fact, and that it is more correct to say that the party contracting with the corporation will be considered as having admitted its corporate existence rather than that he cannot deny it."

Appellant complains because the court failed to give a peremptory instruction in his favor on his counterclaim, but we think the jury made a liberal finding in view of the evidence. There is no proof of damage on account of the delay in delivering and installing the soda fountain, and the proof concerning its unsatisfactory condition after it was installed is not convincing. The marble top was cracked when it was delivered, but a new marble top was furnished, and it is admitted that this top is satisfactory. Appellant testified that he was unable to use one of the pumps, but the proof shows that a new pump can be purchased for $35. According to the proof introduced by appellee, the pump of which appellant complains could have been repaired for $1.50.

We find no error prejudicial to appellant's substantial rights and the judgment is affirmed.