## Johnson v. Farris.

(Decided October 27, 1910.)

### Appeal from Laurel Circuit Court.

Land—Action to Quiet Title—Judgment of the Court.—In an action to quiet title, where both parties claim the land and both ask the court to quiet the title, the court properly entered a judgment in favor of the person entitled to the land although the plaintiff was not in possession of it.

HAZLEWOOD & JOHNSON for appellant.

W. E. BEGLEY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

E. L. Farris brought this suit against T. L. Johnson to quiet his title to a lot in London, Ky., alleging that he was the owner of the lot, and in possession of it. Johnson filed an answer, which made a counterclaim against Farris, in which he denied that Farris was the owner, or in possession of the land, and pleaded that he was the owner, and in possession of it, praying that his title be quieted. Proof was taken and on the trial of the case the court entered a judgment in favor of Farris. Johnson appeals.

The proof shows that Farris and those under whom he claimed had been in possession of the property for forty or fifty years, until shortly before this controversy arose; and that Farris erected a fence on the line. Johnson tore down Farris's fence, and set it back where he claimed the fence should be. Farris put his fence back on the line and Johnson again removed it. Farris then brought the suit. Johnson insists that though Farris was the owner of the property, still the action cannot be maintained, because Farris was not in possession when he filed the suit, and that an action to quiet title does not lie where the plaintiff is not in possession when the action is brought. But in the case at bar, Johnson made his answer a counterclaim against Farris, and if the court had rendered no judgment upon Farris's petition, it would have been his duty to render a judgment upon Johnson's counterclaim. As Johnson insisted upon his counterclaim, he cannot when the judgment turned out to be against him, complain that the court entered a judgment upon the merits. As both parties claimed the

land, and as both asked the court to quiet the title, the court properly entered a judgment in favor of the person entitled thereto. (Sanders v. Riverside, 55 C. C. A. 240; Magowan v. Branham, 95 Ky. 581.)

Judgment affirmed.