## Clark's Heirs v. Boyd

(Decided February 13, 1913.)

### Appeal from Floyd Circuit Court.

1. Appeal—Granted by this Court—Schedule—Failure to Serve Notice of Filing—Sub-section 7, Section 737, Civil Code—Motion to Dismiss Appeal.—Where on an appeal granted by the clerk of this court, appellant filed a schedule below, directing the clerk to copy the entire record with the exception of processes and notices to take depositions, and the clerk certifies that the transcript is a true and complete transcript of the entire record, the appeal will not be dismissed on the ground that appellants failed to serve notice of the filing of the schedule, as provided by sub-section 7, section 737, Civil Code.

2. Land—Action to Quiet Title—Transcript—Partial Record—Record of Another Suit Omitted—Presumption.—Where on an appeal, the transcript omits the lost record of another suit brought by plaintiff against other joint owners for the purpose of partitioning certain lands, and introduced by plaintiff for the purpose of showing legal title to the land in controversy, the presumption will be indulged that the omitted record was sufficient to show title, by virtue of the proceedings, but where the omitted record has no bearing on other questions which are decisive of the case, the judgment will not be affirmed on the ground that it will be presumed that the

omitted record was sufficient to sustain the finding of the chancellor in favor of plaintiff.

3.  Land—Action to Quiet Title—Proof of Possession—Answer and Counterclaim by Defendants—Superiority of Title.—Ordinarily it is necessary for plaintiff to show actual possession in order to maintain an action to quiet title, but where defendants, by answer and counterclaim, assert title in themselves and ask that their title be quieted, the court will pass on the question of superiority of title.

4.  Land—Action to Quiet Title—Counterclaim by Defendants—Evidence—Unsatisfactory Character—New Trial.—Where in an action to quiet title, defendants assert title in themselves, and by answer and counterclaim ask that their title be quieted, and the evidence for both sides is too vague, indefinite and unsatisfactory to justify a final judgment, the court, in furtherance of justice, will remand the case with directions to give the parties an opportunity to take further proof.

JAMES GOBLE, for appellants.

HARKINS & HARKINS, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

Plaintiffs, Emily J. Boyd and S. M. Boyd, her husband brought this action against defendants, Edmond Clark and John M. Rice, to quiet their title to a certain tract of land located on the waters of Buffalo Creek, in Floyd county, Kentucky A demurrer was sustained to the petition and the petition dismissed. On appeal to this court it was held that the petition stated a cause of action, and the judgment was reversed and cause remanded with directions to overrule the demurrer to the petition. Boyd, &c., v. Clark, &c., 22 Ky. L. Rep., 1018; 59 S. W., 511. On the return of the case the defendants filed an answer and counterclaim denying the title of plaintiffs and asserting title in themselves, and asking that their title be quieted. Proof was taken and on final hearing a judgment was rendered in favor of the plaintiffs. During the pendency of the action Edmond Clark died, and his heirs prosecute this appeal.

Plaintiffs have moved to dismiss the appeal on the ground that the appeal was granted by the clerk of this court, and the defendants are here on a schedule without notice to plaintiffs. The schedule directed the clerk of the Floyd Circuit Court to copy the entire record except

processes and notices to take depositions. The clerk certified that the transcript before us is a true and correct transcript of the entire record as shown by the records on file in his office. Where the clerk thus certifies, the appeal will not be dismissed for a failure to give notice of the filing of the schedule, as required by sub-section 7, section 737, Civil Code. Grubbs v. Fish, 29 Ky. Law Rep., 1201.

Plaintiffs claim title under and by virtue of a patent issued by the Commonwealth of Kentucky to Emily J. Boyd, Reuben Clark, Atison Clark and Clarinda Taylor. Subsequently Emily J. Boyd brought an action against the other joint owners for a partition. The lands were partitioned and the tract of land in controversy is the tract allotted in the partition proceedings to Emily J. Boyd. Edmond Clark claims title through his father, who was the owner of a large tract of land. His father went to the war and never returned. He left several children. Emily J. Boyd was a daughter. Between 1870 and 1875 the lands of the father, Hiram Clark, were partitioned among his children. His children first made title bonds to each other, and about the year 1880-81 made deeds to each other. After the partition of Hiram Clark's land, Edmond Clark and Clarinda Taylor exchanged tracts. According to the witnesses for defendant, the tract first allotted to Clarinda Taylor, and which she afterwards exchanged with Edmond Clark, covers the land in controversy. Edmond Clark testified that he had a deed to the land in controversy, and had been in possession of it for many years. In his deposition he says that the deed was filed with his answer and counterclaim. Evidently it was not filed with the record, and though appended to the record, is not properly a part of the record now before us. Plaintiffs' witnesses say that the land patented by Emily J. Boyd and others was vacant and unappropriated land, and that Clarinda Taylor never conveyed to Edmond Clark any of the land covered by the patent, but only that part of the land embraced in her father's estate. While making this statement, none of the witnesses testified as a matter of fact that the deed made by Clarinda Taylor and all the other children of Hiram Clark to Edmond Clark did not cover the land in controversy.

Indeed, their evidence upon this point is rather vague and unsatisfactory. They say that they suppose that Hiram Clark's lands did not embrace the land in controversy; otherwise it would not have been vacant and unappropriated land. Some of the witnesses both for the plaintiff and the defendant state that Edmond Clark had been in possession of the tract in controversy. Beyond saying that he had a small portion of the tract fenced, no facts showing possession are testified to.

It appears from the transcript that the record in the partition suit of Emily J. Boyd v. Atison Clark, et al, was filed as a part of this record, subject to legal exceptions. This circuit clerk certifies that that record was lost. In lieu thereof, defendants have tendered a certified copy of all the orders in that case, including a copy of the deed vesting title in Emily J. Boyd. Plaintiffs insist that this case should be affirmed on the ground that this court will indulge the presumption that the omitted record in the partition suit is sufficient to sustain the finding of the chancellor. We will indulge the presumption that the omitted record shows that a patent was issued by the Commonwealth of Kentucky to Emily J. Boyd and others, and that by virtue of the proceedings had in the Floyd Circuit Court, the legal title to the tract in controversy under the patent was vested in Emily J. Boyd. No other presumption will be indulged, and even if we admit all the facts shown by the absent record, they are not decisive of the real issues in the case. The main questions to be decided are: (1) Is the land in controversy a part of Hiram Clark's estate? (2) Was it allotted to Clarinda Taylor in the partition of Hiram Clark's estate? (3) Does the deed executed to Edmond Clark by Hiram Clark's heirs, including plaintiffs, cover the tract in controversy? (4) Had Edmond Clark and those holding under him had adverse possession of the tract for 15 years when this action was filed? As the omitted record has no bearing on these questions, we will not presume that it is sufficient to sustain the finding of the chancellor.

For defendants it is insisted that the judgment is erroneous because the action was one to quiet title, and plaintiffs failed to show actual possession. While it

is the rule that in order to maintain such an action actual possession must be shown, yet we have repeatedly held that where the defendants themselves assert title to the tract in controversy by answer and counterclaim, and ask that their title be quieted, the court, notwithstanding the failure on the part of plaintiffs to show actual possession, will consider the entire evidence and pass on the question of superiority of title. Vance v. Gray, 142 Ky., 267; Johnson v. Farris, 140 Ky., 435; McGowan v. Branham, 95 Ky. 581.

We have carefully gone over the evidence upon the real issues in this controversy, and find the evidence both for plaintiffs and defendants too vague and unsatisfactory to justify a final judgment. While plaintiffs say that they and the other heirs of Hiram Clark conveyed to Edmond Clark only Clarinda Taylor's portion of her father's estate, and no portion of the patented land, they do not testify in a convincing manner that the deed which they made to Edmond Clark does not embrace the land in controversy. Nor is their testimony at all definite as to whether or not Hiram Clark, at the time of his death, owned the tract in controversy. On the other hand, while Edmond Clark stated that he had a deed to the land in controversy, he did not show by any witness who knew the courses or lines of his deed that his deed actually covered the tract in controversy. There is some evidence, however, of possession on the part of Edmond Clark and those claiming under him. But the facts constituting such possession, and the extent of his possession are by no means clear. In view of the chaotic condition of the record and the unsatisfactory and indefinite character of the evidence on each side, we conclude that the ends of justice require that the case be remanded and the parties be given further opportunity to take proof.

Judgment reversed and cause remanded for proceedings consistent with this opinion.