## Bement, et al. v Commonwealth.

(Decided February 6, 1920.)

## Appeal from Perry Circuit Court.

1. Taxation—Failure to List or Report Land—Forfeiture.—In a suit to forfeit land under section 4076b of the Kentucky Statutes for failure to list it for taxation or pay the taxes thereon, there must be filed with the petition, as provided in the statute, a copy of the grant or instrument upon which the title or claim sought to be forfeited is based; otherwise a judgment by default will be void.

2. Taxation—Failure to List or Report Land—Forfeiture.—A petition seeking to forfeit land under section 4076b of the Kentucky Statutes for failure to assess and pay the taxes thereon, in which the land sought to be forfeited is described only by the numbers of the patents, and there is not filed with the petition the grant or instrument upon which the title or claim sought to be forfeited is based, is insufficient to support a judgment by default, and a judgment rendered on such a petition will be void, and a description of the land in the judgment of forfeiture will not cure the invalidity.

3. Taxation—Failure to List or Report Land—Forfeiture—Appeal and Error.—The provisions of section 4076b of the Kentucky Statutes, regulating the time and manner in which appeals from judgments under the statute may be taken to this court, have no application to a case in which the judgment is void. They only

regulate proceedings that are erroneous. But when a void judgment is entered under this statute, a motion should be made, in the court which entered the judgment, to set it aside.

4. Judgment—Void Judgment.—A void judgment is no judgment. It has at no time or place any force or effect. It does not give the plaintiff anything or take from the defendant anything.

5. Judgment—Void Judgment—Relief.—A defendant who seeks relief from a void judgment should make a motion in the lower court to have it set aside, and upon the failure of the lower court to do this, prosecute an appeal to this court.

6. Judgment—Default Judgment—Validity.—It is just as indispensable to the validity of a judgment by default that the court should have jurisdiction of the subject matter of the action as that it should have jurisdiction of the person of the defendant.

FAULKNER & FAULKNER and W. A. STANFIELD for appellants.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This suit was filed in the Perry circuit court in the name of the Commonwealth by Ira Fields, Commonwealth's Attorney, on April 24, 1912, for the purpose of forfeiting the title of the known and unknown defendants in the petition to all that part of about 200,000 acres of land lying in Perry county, covered by various patents originally issued to A. F. Baum and William M. Smith. The petition was filed pursuant to the provisions of Article III, Chapter 108 of the 1915 edition of the Kentucky Statutes (Volume 2), being sections 4076b to 4076k, inclusive.

The appellants, Bement and Wilson, with a number of others, were named in the petition as known defendants, and it was alleged that there were a number of unknown defendants, and that plaintiff did not know the residence or postoffice address of any of the defendants, either known or unknown. A warning order attorney was appointed for the named and known defendants, and another was appointed for the unknown ones. In due time each of them filed his report in which he stated in substance that he knew of no defense to the action.

A number of claimants to certain parcels or aliquot portions of the land filed their intervening petitions describing the lands to which they held title, and judg-

ments were rendered adjusting the rights of the inter-
venors, none of which judgments are involved in this
appeal.

On September 27, 1912, there was a default judgment
forfeiting all of the title of the original patentees,
Smith and Baum, and all subsequent title holders through
them, except such titles as were held by the intervenors
and disposed of upon their · intervening petitions. In
that judgment, which was based upon the verdict of a
jury, the lands covered by the original patents were de-
scribed, but there was no description of them in the peti-
tion, only the numbers of the patents being given, nor
were the original patents or any copies thereof filed with
the petition, nor were any such filed either before or
after the judgment.

At the time of the rendition of the judgment none of
the appellants, who, according to the record are the
owners of all the interest in the land adjudged to be for-
feited, had any knowledge of the pendency of the pro-
ceedings, they being non-residents of this State.

At the next term of the court, and on March 4, 1913,
having in the meantime become apprised of the filing of
the petition and of the judgment of forfeiture, appel-
lants, after due notice to the Commonwealth, entered a
motion to vacate and set aside the judgment of forfeit-
ure, and to permit them to file their answer and inter-
vening petition, which motion was sustained. In their
pleading subsequently filed they denied the allegations
of the petition and affirmatively alleged that the land at-
tempted to be forfeited had been assessed for the years
1906 to 1911, inclusive, as of the first of September in
each of them and the taxes subsequently paid to the
proper authorities, it being for the non-assessment of
the lands as well as the non-payment of the taxes thereon
for those years that the petition sought to forfeit the
title.

On May 16, 1913, a motion was made by appellants to
take the allegations of their answers as true, but there
does not appear in the record any order of the court
with reference thereto, except that at a subsequent term
of the court the Commonwealth made a motion to set
aside the order taking the allegations of the answer as
true, from which we conclude that the motion was sus-
tained. The motion last mentioned as having been made

by the Commonwealth was entered on May 28, 1914, and asked not only that the order taking the allegation of appellant's pleading to be true be set aside, but also that the one setting aside the judgment of forfeiture, be set aside. These motions made by the Commonwealth more than a year after the court had sustained appellant's motions were made without notice to appellants and were sustained by the court on the same day they were made and the original judgment was re-entered, without the intervention of another jury.

On January 11, 1916, after the land had been advertised for sale under the re-entered judgment of forfeiture, appellants moved to set aside the last orders above, made at the instance of the Commonwealth, which motion was overruled, and from the various adverse rulings of the court, they prosecute this appeal.

This case is a twin suit to that of Bement v. Commonwealth, 172 Ky. 452. The parties to the two suits are the same, and in each of them a forfeiture of a portion of the lands covered by the same patents is sought, the only difference being that in the reported case a forfeiture was sought only of so much of the land covered by the patents as lies in Leslie county, while in the instant one a forfeiture is sought of that portion of the lands covered by the same patents as lies in Perry county. The petitions in both cases were verified on the same day, though filed thirteen days apart.

One of the requirements of section 4076d of the statutes, under the provisions of which the petition was filed, is that "There shall be filed with it (petition) a copy of the grant or instrument upon which the title or claim sought to be forfeited is based; and no other title, claim or possession or continuity thereof, whether owned or claimed by the defendant or others, shall be forfeited or in any manner affected by said proceeding."

In the Bement case, *supra,* after a lengthy discussion, this court held that such requirement was a jurisdictional one, and that a judgment by default based upon a petition without such exhibits and which petition does not contain a description of the land was void, and that an appeal might be prosecuted from an order overruling a motion to set it aside at any time allowed by law, regardless of the provision of the statute for an appeal "within thirty days after the same (judgment) may be entered." In the course of the opinion the court said:

"When it is sought to forfeit land under this drastic statute, the title papers describing the land must be filed with the petition, as directed in the statute, and this record furnishes a good example of the necessity for requiring that the title papers be filed with the petition before a judgment by default can be taken. There is no description whatever in the body of the petition of the land sought to be forfeited, or in any exhibit filed with it or in the record. The land in the petition, as well as in the judgment, is merely described by what is alleged to be the numbers of the patents. It is, therefore, plain that no person could by an examination of the petition or the judgment, or indeed the entire record, have the remotest idea where the land was located, its boundary, or how many acres it contained. This information could only be obtained, if at all, by securing from the registration office at Frankfort the patents on which the titles of the forfeited land depended."

That opinion is conclusive of the question presented by this appeal. The only difference between the two cases is that in the Bement case it does not appear that the judgment described the lands adjudged to be forfeited, while in the instant one such description is contained in the judgment. But, according to our view, this fact can add no validity to the judgment based upon a fatally defective petition. The description of the land which the statute required to be contained in the petition or some exhibit filed therewith as held in the Bement case, being a jurisdictional fact, is made necessary in order to bring the *rem* before the court and to give it jurisdiction thereof. If it has no such jurisdiction, no judgment affecting the *rem* can be rendered. The instant case being so identical with the one referred to, it becomes unnecessary for us to extend this opinion any further, or to discuss the alleged errors of the court in sustaining the motion of the Commonwealth to set aside the order vacating the first judgment of forfeiture and in overruling appellant's motion to set aside that order.

The petition being insufficient, the original judgment forfeiting the land, as well as the subsequent re-entry thereof, is void, and upon a return of the case the court should dismiss the petition unless a curative amendment is filed, which, if done, the court should require the Commonwealth to respond to the pleading filed by appellants and proceed with the trial of the case, but if no respon-

sive pleading should be filed by the Commonwealth within the time allowed, then the petition should be dismissed.

Wherefore, the judgment is reversed, with directions to proceed in accordance with this opinion.