## Bryant v. Commonwealth.

(Decided February 1, 1921.)

## Appeal from Laurel Circuit Court.

1.  Taxation—Failure to Assess Land—Forfeitures and Penalties.—
    In an action under the provisions of article 111, chapter 108, Ky.
    Stats., for the forfeiture of titles to lands, for the non-assessment
    and non-payment of taxes, and the owners and claimants are un-
    known to the Commonwealth's attorney, and the defendants to
    the action are designated as "unknown owners and claimants,"
    and the proper warning order and publication are made as re-
    quired by the statute, supra; the owner or claimant of a title to
    the lands, has a right to file answer and resist the forfeiture of
    his title or claim.

2.  Taxation—Falure to Assess Land—Forfeitures and Penalties.—
    In a proceeding under article 111, chapter 108, Ky. Stats., for
    the forfeiture of title to lands because of the non-assessment
    and non-payment of taxes thereon, the court is not required to
    adjudicate upon the validity of the title of a claimant, nor is the
    Commonwelath's attorney authorized to make an issue between
    the Commonwealth and a claimant as to the validity of the claim-
    ant's title; nor will the court be required to adjudicate as be-
    tween the titles of different claimants, until after a judgment of
    forfeiture has been rendered and counterclaims are filed by claim-
    ants desiring to redeem the titles forfeited, as provided by sec-
    tion 4076e, Ky. Stats.

3.  Taxation—Forfeitures and Penalties.—In a proceeding under
    article 111, chapter 108, Ky. Stats., before a judgment of forfeiture
    is rendered, the only issues are between the Commonwealth and
    the owners or claimants of titles, and the issue relates, alone, to
    the question, whether the title or claim of an owner or claimant.
    is liable to forfeiture for the non-assessment and non-payment
    of the taxes.

STEPHENS & STEELY for appellant.

G. I. RADER and H. C. CLAY for appellee.


OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Reversing.

This action was instituted in the name of the Com-
monwealth of Kentucky, by the Commonwealth's at-
torney, for the 27th judicial district, wherein Laurel
county is situated, to secure a forfeiture of the titles of
the unknown owners and claimants, who claim title
under and through a patent granted to one William Mor-

gan on the 26th day of October, 1815, for 640 acres of land, which is situated in that county, for the failure to list for taxation, and the non-payment of taxes upon the land for each year since and including the year 1899. The land was properly described in the petition and a copy of the patent, upon which the title and claims sought to be forfeited were alleged to be based, was filed with the petition. In the caption of the petition, the defendants are described as the "unknown heirs at law, unknown devisees, and unknown vendees of William Morgan . . . and the unknown owners and claimants of the tract of land and all of whom are sued as unknown defendants herein." A warning order was made against the same styled defendants and an attorney was appointed for them, who reported as to the same defendants. Afterward an amended petition was filed which named and styled the defendants the same as in the original petition in the caption thereof, and in addition named Beatty, Henderson, Eve, Letcher and Herndon and the "Unknown heirs, unknown devisees and unknown vendees" of each of them, as defendants and the "Unknown owners and claimants" of the land were made defendants. In the petition, while it was alleged that William Morgan never sold or conveyed the land to any one, but died the owner of it, it described the persons designated as heirs of William Morgan as being his descendants, but referred to other persons designated as "unknown owners and claimants" as persons "claiming the aforesaid land . . . under or through the said patentee," and further reference is made to the defendants as "unknown owners, unknown claimants . . . and unknown vendees of said William Morgan" and avers that the described persons are the owners and claimants of the land. In the amended petition, however, it is averred that the allegation that William Morgan never made any conveyance of the land was a mistake, and then alleges that Morgan on the 16th day of March, 1819, sold the land and by deed conveyed it to Martin Beatty and Lillian Henderson, who thereafter conveyed an undivided one-half of it back to William Morgan, and reserved or attempted to reserve 1/12th of it for Joseph Eve, an undivided 1/8th of it for Robert Herndon, and for Robert Letcher an undivided 1/12th of the land. It is then alleged in the amended petition that after the making of the deed by Beatty and Henderson to Morgan, that

neither Morgan, Eve, Herndon, Letcher, Beatty or Hen-
derson or the heirs or devisees of either of them, or any
person claiming through or under either of them ever
sold or conveyed any interest in the land to any other
person.

The appellant, Roberta S. Bryant, offered an inter-
vening petition to be made a party to the action in which
she alleged that she was a necessary party to its proper
determination; that she was the owner and claimant of
the land under the title created by the patent to William
Morgan; that Morgan sold and by deed conveyed to E. C.
Farris, the undivided one-half interest in the land, which
was conveyed to him by Beatty and Henderson, and that
she had become the owner of same, and that she claimed
to be the owner of same, and had title thereto through the
patent to Morgan, and the deeds from Morgan to Beatty
and Henderson and from Beatty and Henderson to
Morgan, and from Morgan to Farris, and that she had,
also, acquired and was the owner of the interests
in the land, which Beatty and Henderson did not convey
in the deed, which they made to Morgan, etc., and as such
owner and claimant, she and her predecessor in title had
listed the land for taxation and had paid all the taxes
assessed against it for each of the years for forty years
previous to the bringing of the action. She denied that
she had failed to list the land or had failed to pay the
taxes upon it for either of the years alleged in the peti-
tion and amended petition, and on account of which a
forfeiture was sought. She, also, pleaded and relied
upon the five years' statute of limitations provided by
section 4076i, Kentucky Statutes, in bar of any for-
feiture of her title, because of any failure to list the land
and pay the taxes for any years, preceding five years be-
fore the bringing of the action.

The intervening petition was permitted to be filed and
being treated as her answer, the Commonwealth's at-
torney filed a reply thereto, denying that appellant had
any title to more of the land, than an undivided one-half,
and alleging that one of the deeds, which constituted her
claim of title to that portion of the land was a forgery.

Thereafter the court sustained a motion made by the
Commonwealth's attorney, to strike the pleading of
appellant from the record, and thereafter rendered a
judgment declaring the claim and title of Morgan, Beatty,
Henderson, Eve, Herndon and Letcher, and each of

them, as well as the title of their "unknown heirs at law, unknown devisees and unknown vendees," and the titles of the "unknown owners and claimants" of the land, through or under the patent to Morgan or by virtue of mesne conveyances between him and the claimants and owners, to be forfeited to the Commonwealth of Kentucky.

The judgment appealed from was that striking the answer of appellant from the records and denying her the right to file an answer and present a defense to the forfeiture of her claim and title.

Upon what ground the court based its action in denying to a claimant of title to land, the right to interpose a defense to an action, seeking a forfeiture of the title under which she claims is not stated, but it is suggested, in the brief of counsel for appellant, that the court was actuated by the doctrine that in actions of this character, there could be no adjudication concerning the validity or superiority of titles between adversary claimants. That in a proceeding of this kind, the court is not required to determine the validity of the title of any claimant to land, or who, among the claimants has the superior title, nor that the Commonwealth through its attorney is either authorized or required to contest the validity of the title or claim of title made by any one to the land, can not be disputed, Bronaugh v. Com., 188 Ky. 103, but, as will be shown that principle will not sustain the judgment appealed from. In the cited case, as well as others, and especially in Eastern Kentucky Coal Lands Corporation v. Com., 127 Ky. 767, it has been held, that under the act of 1906, being sections 4076b to 4076k, inclusive, Kentucky Statutes, it was the duty of every one claiming title to land, to list it for taxation and to pay the taxes thereon, whether his title was valid or invalid, and such duty, he must perform, or else suffer the forfeiture of such title to the land, as he has, to the Commonwealth. Hence, in a proceeding of this kind, before a judgment of forfeiture, it is no concern of the court, whether the title sought to be forfeited is good or bad. Its only concern is that a title or claim of title exists on the part of the defendants, or one or more of them and whether or not their laches in listing the land and paying the taxes has made their title or claim of title subject to forfeiture. Neither is the Commonwealth's attorney authorized to make an issue with any owner or claimant

of land, whose title is sought to be forfeited, as to the validity or invalidity of his title or claim, or as to its superiority over the title of another claimant. Nor before the judgment of forfeiture can different claimants of land be permitted to litigate with each other the superiority of their titles. These doctrines, while sound, are not applicable to nor do they sustain the judgment appealed from. The issues, which can be made before a judgment of forfeiture are between the Commonwealth and each claimant of title, or between the Commonwealth and joint claimants of the same title. The issue is, whether the owner or claimant has listed the land for taxation, under his title or claim and paid the taxes thereon for the years, whereof a forfeiture is claimed. In such action, it may appear that one claimant under the title paper upon which is based the title proposed to be forfeited, has fully protected his title, from forfeiture, whether valid or invalid, and another claimant of title to the land from the same common source has suffered a forfeiture of his, and the court may adjudicate accordingly, without determining the validity of any of the claims of title, or the superiority of one over another. Under the provisions of section 4076e, *supra,* after a judgment of forfeiture has been rendered, one who would establish a right to redeem the property, must exhibit a valid title to it, but, a forfeiture of title necessarily works a substantial injury to the one owning or claiming a title, and a judgment declaring a forfeiture is not authorized unless the owner or claimant has been derelict, within the terms of the statute, and an owner or claimant, when sued is entitled to his day in court. The right of an owner or claimant to resist a judgment of forfeiture is fully conceded in Bement v. Com., 186 Ky. 805, and same v. same, 172 Ky. 452. That portion of section 4076d, *supra,* which is as follows:

"The court shall render judgment in accordance with the pleadings, exhibits and evidence adduced; and if it shall find that said title or claim sought to be forfeited is or has been subject to forfeiture under the provisions of this article, it shall render judgment declaring the same forfeited and the title thereto vested in the Commonwealth. Such judgment shall operate as a transfer to, and vesting in, the Commonwealth of the said title and claim of each and all the defendants, and those under whom they claim, without execution of deed or other in-

strument. If the court shall find that the same is not subject to forfeiture under the provisions of this article, then it shall so adjudge and dismiss the petition of plaintiff,'' requires, that an owner or claimant shall have a judicial determination, as to whether the facts exist which authorize a forfeiture of his title or claim of title, and may contest the truth of the alleged grounds upon which it is sought. Section 4076d, *supra,* requires, that, when the owners or claimants are unknown, they may be sued under the designation of ''unknown owners and claimants.'' Among the defendants named in the caption of the petition and amended petition were the unknown owners and claimants of title to the land.. The prayer of both petition and amended petition was for a forfeiture of the title of each and all of the defendants. The Commonwealth may elect to proceed for a forfeiture of the title or claim of title to land, of any one, it chooses, without disturbing the title or claim of another and without affecting the latter's title, but, when so attempting the pleadings should be so drawn, as to definitely show, what claim or title is sought to be forfeited, and so that the title or claim of another may not be endangered by the judgment, and in the present instance, while all the ''unknown owners and claimants'' to the title to the land, under or through, Morgan, Beatty, Henderson, Eve, Letcher and Herndon, are made defendants to the action and a prayer for the forfeiture of all their claims, an attempt seems to have been made in the pleadings to limit the ''unknown owners and claimants,'' to such persons, as claim title to the lands by devise or by inheritance, and to raise an issue of fact, with any one of such ''owners'' or ''claimants,'' as claim title under the Morgan patent by conveyance, but, the terms of the pleadings are such as to include all such claimants, and the court evidently so construed it, as the judgment declares the titles of all such to be forfeited and would be a bar to the claim of any owner or claimant, who might thereafter desire to insist upon his title, in any other controversy concerning the land. Hence, the appellant who under the designation of an ''unknown owner and claimant,'' was a party defendant, to the action, and should have been permitted to show by pleading and proof, that her claim of title was not subject to forfeiture, and it was error to strike her answer from the record, and refuse to permit her the right

to defend the action, as far as it related to her title or claim of title.

The judgment is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.