## Payne, et al. v. Edwards, et al.

(Decided October 6, 1925.)

### Appeal from Boyle Circuit Court.

Ejectment—Plaintiff Must Recover on Strength of Own Title by Showing Paper Title from Commonwealth, or by Adverse Possession, and on Failure Verdict Properly Directed.—In ejectment, plaintiff must recover on the strength of his own title, either by showing paper title back to Commonwealth, or that he and others under whom he claims, had been in adverse possession of land for statutory period, next before the institution of action, and on failing to do so court properly directed verdict for defendant.

GEO. W. VAUGHN, SANDIFER & LANE and CLARENCE WOOD for appellants.

JAY W. HARLAN and JOHN W. RAWLINGS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is the second appeal of this case. For a statement of the facts see opinion in 188 Ky. 302.

This is a suit in ejectment involving 600 or 700 acres of land in the knobs of Boyle county, and to recover $150.00 damages for the wrongful detention of the land. The plaintiffs below, appellants here, relied upon a paper title and also upon title by possession for the statutory period. They were unable to establish by evidence their chain of title back to the Commonwealth, and their evidence of possession is so indefinite and uncertain that it is impossible to say just when, if ever, they or their ancestors were actually in possession of the land or for what period. As stated in the former opinion the plaintiff in ejectment must recover on the strength of his own title, either by showing paper title back to the Commonwealth or that he and those under whom he claims have been in continuous, adverse possession of the lands for the statutory period next before the institution of the action. Having failed to establish title in themsevles in either of the ways mentioned the trial court very prop-

erly sustained the motion of appellees, Edwards and others, for a directed verdict in their favor. In this there was no error. It is unnecessary to state the contention or the substance of the evidence as it is very like that recited in the former opinion.

Judgment affirmed.