## Breathitt Coal and Timber Company v. Mann, et al.

(Decided May 25, 1926.)

### Appeal from Breathitt Circuit Court.

1. Taxation—In Suit to Quiet Title, Claimant Under Tax Deed Must Show Land Claimed is Included Within Land Conveyed by Deed (Ky. Stats., Section 4030).—In suit to quiet title, claimant under tax deed must show land claimed is included within land conveyed by deed, notwithstanding Ky. Stats., section 4030, declaring sheriff's tax deed prima facie evidence of regularity of sale.

2. Taxation.—In action to quiet title against claimants under tax deed, evidence held to show that surveys in controversy were not included within land conveyed by deed.

3. Quieting Title—In Suit to Quiet Title, where Defendants Seek to be Adjudged Owners, Court will Pass on Superiority of Title, Though Neither Party Shows Actual Possession.—In suit to quiet title, where defendants counterclaim and seek to be adjudged owners of land in dispute, court will pass on superiority of title, though neither party shows actual possession, notwithstanding

defendants did not, in so many words, pray to have their title quieted.

GRANNIS BACH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

When this action in equity finally reached the trial stage, there was left in issue between the parties the sole question as to which of them had the better title to the two M. J. Amyx 200-acre surveys which lie on Wolf Pen branch of Spring fork of Quicksand creek in Breathitt county, Kentucky. Appellant claimed them under deed from the heirs at law of M. J. Amyx. Appellees claimed them under a tax deed by which a tract of land belonging to M. J. Amyx was sold for his taxes. The chancellor adjudged that the title of M. J. Amyx to the two surveys in question passed from him under the tax deed, and hence that appellees, who had succeeded to the title of the grantee in the tax deed, were the owners of them. From that judgment appellant has appealed.

The question presented by the appeal may be determined by ascertaining whether the two Amyx surveys in controversy herein were a part of the land conveyed by the tax deed.

Section 4030, Kentucky Statutes, provides that in all suits and controversies involving title to land a sheriff's tax deed shall be "*prima facie* evidence of the regularity of the sale." It is, however, always incumbent upon one claiming under a tax deed to show that the land claimed is included within the lands conveyed by the tax deed.

In the preamble of the deed, reciting the levy and steps antecedent to the sale, the land conveyed by it was described as "a tract of land in Breathitt county, Ky., and in the 6 &c. district in said county, adjoining the lands of Isaac Risner & John Clemons, Simon Allen, Apperson Lovely, etc., it being the same land entered by said M. J. Amyx as appears by patents in the register's office in Frankfort, Ky., reference is hereby made to said patents for a more particular description of said land." The granting clause of the deed read: "I do hereby, as sheriff aforesaid, alien, convey, assign and transfer to the said William S. Allen by these presents the land lying as above stated, it being the same land above described."

No other description of the land sought to be conveyed is found in the deed.

Other record evidence of the tax sale which resulted in the deed under which appellees claim was put in evidence herein. The assessor's book of Breathitt county for the year 1877, the year the taxes were assessed against M. J. Amyx, for which the land described in the tax deed was sold, is yet in existence, and it appears from it that Amyx listed that year four tracts of land under the following description:

"First tract, 1,000 acres, and John Clemons, nearest resident, election precinct No. 6, value $250.00; second tract, 200 acres, Simon Allen nearest resident, election precinct No. 6, value $50.00; third tract, 350 acres, Apperson Lovely nearest resident, precinct No. 6, value $75.00; fourth tract, 200 acres, Isaac Risner nearest resident, precinct No. 6, value $50.00; total value, $425.00."

The sheriff of Breathitt county appears to have made a written certificate of the Amyx tax sale, which is of record in Breathitt county, and which is as follows:

"State of Kentucky
Breathitt County.

"I, John L. Hagins, sheriff of Breathitt county, certify that after having advertised according to law the following described property, to-wit, 1,780 acres of land valued at $4.25, district No. 6, assest in the name of M. J. Amyx, tax $2.99, I did on the 18th day of February, 1878, offer for sale to the highest bidders for state and *ad valorem* tax for the year 1877 and there being no other bidder Wm. S. Allen became the purchaser at $2.99, being the amount of tax and sheriff's cost thereon for the year 1877.

"John L. Hagins,
S. B. C."

It will be observed that the description of the tract of land attempted to be conveyed by the tax deed is exceedingly vague and indefinite. It is described as "a tract of land," and as lying in the "6 &c." district and as adjoining the lands of the four persons named. It is shown by the testimony that perhaps one of those four persons named lived at some time perhaps near enough to the land in controversy to have been referred to as an

adjoining landowner, but the other three persons named all are shown never to have lived closer than 10 or 11 miles from the land in controversy, and, since it is described as a single tract of land that was conveyed by the tax deed, it could hardly have adjoined this one person, who at one time lived in the vicinity of the land in controversy, and at the same time have adjoined the other three who lived 10 or 11 miles away. The tax list and the certificate of the tax sale on record in the clerk's office are much more definite and contain a great deal better description of the land sold by the sheriff and attempted to be conveyed by the tax deed than the deed itself. The two Amyx surveys in controversy herein contain 200 acres each. It will be observed by reference to the tax list of M. J. Amyx for the year 1877, and the sheriff's certificate of sale, that two of the tracts of land listed were 200-acre tracts. They, however, were described as lying in the 6th district. The two Amyx surveys in controversy are shown without contradiction to have been situated in what then was and yet is the 7th district of Breathitt county. Simon Allen was said to be the nearest resident to one of the 200-acre surveys, and Apperson Lovely the nearest resident to the other. Those two persons are shown by the evidence herein to have lived 10 or 11 miles from the two Amyx surveys located in district No. 7, which are in controversy herein. In view of these facts, the record herein seems to this court to establish conclusively that the two M. J. Amyx surveys in controversy herein are not included within the land conveyed by the tax deed from the sheriff of Breathitt county to William S. Allen, relied on by appellees for their title to those lands.

Attorney for appellees, with apparent sincerity, makes the argument that since by their counterclaim they did not seek "to quiet their title," this case does not fall within the rule that where the defendant in an action to quiet title by counterclaim asserts and seeks to be adjudged to own the title to the land claimed by the plaintiff, the court will pass upon the question of superiority of title though neither party shows actual possession. Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Hall v. Hall, 149 Ky. 817, 149 S. W. 1128; Fox v. Cornett, 124 Ky. 139, 92 S. W. 959; Johnson v. Farris, 140 Ky. 435, 131 S. W. 183, are cases from this court announcing that rule. Appellees made their answer a counterclaim

and sought to be adjudged to own the land in dispute, the title to which appellant by its petition claimed and sought to have quieted of appellees' claim. The mere fact that by the prayer of the counterclaim appellees did not ask in so many words to have their title quieted is of no moment, because that is exactly the relief they sought when by their counterclaim they alleged that they owned the land in controversy, and as affirmative relief sought as against plaintiff to have it adjudged that they did so.

The chancellor was in error in adjudging appellees to be the owners of any part of the two M. J. Amyx surveys in controversy herein, under the tax deed from the sheriff of Breathitt county to William S. Allen. The judgment, therefore, is reversed and this cause is remanded, with direction that a judgment in conformity herewith be entered herein.

Judgment reversed.