## Ogle v. Cole's Executors, et al.

(Decided November 4, 1927.)

### Appeal from Nicholas Circuit Court.

1. Action.—Action for recovery of land, in which petition alleged defendant was in possession, though tried in equity, held to constitute "action in ejectment," where defendant did not seek to establish his title by counterclaim, not action to quiet title under Ky. Statutes, sec. 11.

2. Ejectment.—Plaintiff in ejectment action must recover on the strength of his own title, and cannot rely on weakness of that of his adversary.

3. Ejectment.—Plaintiff claiming title in ejectment action must trace title back to commonwealth, or show adverse possession of lands claimed for statutory period.

4. Ejectment.—In action by one out of possession to recover property under claim of title traced to deed from commissioner of circuit court, petition held properly dismissed for failure to show plaintiff's ownership was derived from government or common source of title.

5. Pleading.—Under Civil Code of Practice, sec. 126, plea of statute of limitation stands confessed, where no reply is filed.

J. J. FELTON for appellant.

I. B. ROSS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On November 7, 1867, the commissioner of the Nicholas circuit court, pursuant to a judgment entered in the action of James M. Hughes et al. v. Jessie Holla-

day, exposed for sale the realty directed to be sold under that judgment. It consisted of two tracts of land, one lying to the north, and the other to the south, of the Licking river; the two together being part of the famous Blue Lick Springs property. James H. Holladay, the father of the appellant, Jessie Holladay Ogle, became the purchaser. The sale was thereafter confirmed, but it was not until 1880 that the commissioner executed to Holladay a deed to the property which he had bought with certain exceptions. It seems that, after the sale in 1867, Holladay sold a part of the tract of land lying north of the Licking river he had bought to W. T. Overbey, and directed the commissioner of the court to make a deed to such part directly to Overbey, which the commissioner did. Hence, when the commissioner came to deed the rest of the land which Holladay had bought to him, he described the tract north of the Licking river as follows:

"One parcel lying on the north side of Licking river near the salt spring and bounded on the south and southeast by that part of the property conveyed to W. T. Overbey and on the north and northeast and west by the lands of Daniel P. Bedinger's heirs. The lot herein conveyed is the same upon which the house known as the Ballingal property is situated, and any other land not conveyed by said Holladay to said W. T. Overbey."

The tract of land lying to the south of Licking river is not involved in this litigation, and neither is the Ballingal property. Holladay died in 1888 insolvent, leaving surviving him as his only heir at law his daughter, the appellant, Jessie Holladay Ogle, who was born on December 11, 1872. She married on April 3, 1901. On the 15th of September, 1925, she brought this suit alleging that she was the owner of —— acres of land, which description she attempted to render more definite in her proof by claiming it to be 200 to 300 acres. She further stated that she derived title to this land under that portion of the Holladay deed above referred to which reads: "And any other land not conveyed by said Holladay to said W. T. Overbey," and that the appellee Cole was in possession of this land claiming it as his own. She asked for a judgment for the recovery of said land, and that the defendant Cole be adjudged no interest in it. There was no other description of the land in question in the peti-

tion than that which we have set out. The appellant's proof rendered it no more certain except to the extent of the acreage. The appellee by his answer denied the appellant's alleged ownership of the land, and pleaded the 15 and 30 year statute of limitations. No reply was filed to this answer. On final submission the court dismissed the appellant's petition, and she has appealed.

This was not an action to quiet title under section 11 of the statutes, since the appellant did not claim any possession of the property in herself. The appellee did not seek to establish his title by a counterclaim. His prayer was simply that the appellant's petition be dismissed. Though this suit was tried in equity, it was essentially then an action in ejectment. This being true, the appellant had to recover on the strength of her own title, and could not rely on the weakness of that of her adversary. Payne v. Edwards, 210 Ky. 417, 276 S. W. 116. Appellant did not trace her title back beyond the Holladay deed, and hence showed no title back to the commonwealth. As said in Payne v. Edwards, supra:

"The plaintiff in ejectment must recover on the strength of his own title, either by showing paper title back to the Commonwealth or that he and those under whom he claims have been in continuous, adverse possession of the lands for the statutory period next before the institution of the action."

The appellee did not claim any of the disputed land under the Holladay deed, but under a deed to him from the Bedinger heirs. It therefore follows that the principle that a claimant to title to land does not have to trace his title back beyond a common source of title has no application here. The appellant, therefore, having failed to establish her title to the land in question as the law requires, her petition was properly dismissed. Further, there was no reply filed to either of the pleas of the 15 and 30 year statute of limitation, so that they both stood confessed. Civil Code, section 126. But beyond this the evidence clearly established both pleas. Finally, the proof very clearly showed that the only land sold under the commissioner's sale, to which we have referred, was the Ballingal lot, and that which Holladay directed to be conveyed to Overbey. The proof failed to show, as appellant contended, that any land lay between these two pieces and the "lands of Daniel P. Bedinger's heirs." On the contrary, the proof clearly established

that these two tracts were bounded on the north, northeast, and west by the Bedinger land, from which it follows that the expression in the Holladay deed, "and any other land not conveyed by said Holladay to said W. T. Overbey," was inserted in the Holladay deed as a matter of precaution, and did not, in truth, cover any property.

The judgment dismissing appellant's petition being in accordance with these views, it is affirmed.