## Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson et al.

Jan. 27, 1939.

M. L. JARVIS, WILL H. CAYLOR and J. A. INMAN for appellant.

J. E. STEPHENS for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Reversing.

The appellant was the plaintiff below and the appellees were the defendants, and in this opinion we will designate them as plaintiff and defendants. On November 8, 1935, plaintiff filed this suit in equity to quiet title to 317 acres of land located in McCreary County, and named as defendants, Cinda Anderson, J. C. Anderson, Nellie E. Anderson, Harrison Anderson, Mrs. General Strunk, and the unknown heirs at law of General Strunk, deceased, and Cal Strunk. The petition alleges plaintiff is incorporated under the laws of the State of Kentucky and describes by metes and bounds the land to which plaintiff is claiming title. The petition further alleges the defendants are setting up claims to some portions of this land and casting a cloud upon plaintiff's title and plaintiff prays that it be adjudged to be the owner of this land and that the defendants be forever barred from entering upon or attempting to exercise any authority over any portion of same. The several defendants filed separate answers and the first paragraph of each answer is a general denial and each answer contains a separate paragraph wherein the defendants plead ownership in, and possession of, the tract of land described by metes and bounds, which land the defendants aver is located inside exterior lines of the

plaintiff's boundary. The prayer in each of these separate answers filed by the various defendants asks that the plaintiff's petition be dismissed, that the defendants recover cost and they pray for all other proper and equitable relief to which defendants may be entitled on the trial of the action.

One defendant, Cal Strunk, in addition to pleading ownership in himself to the land described in his answer, pleads title to same by adverse possession; but the prayer in his answer is the same as that contained in the answers filed by the other defendants. All affirmative matter in the various answers was controverted of record by agreement. Considerable proof was taken by depositions and upon final submission of the case the chancellor entered judgment dismissing plaintiff's petition and adjudging each defendant to be the owner of the land set out in his, or her, answer, and the plaintiff prosecutes this appeal to reverse this judgment.

Defendants raise the question the plaintiff did not properly prove it is a corporation since the only testimony it introduced on this point was the oral testimony of its president, Brown Crinkley, to the effect it is a Kentucky corporation. Defendants contend the only method of proving plaintiff is a corporation was to introduce its articles of incorporation, or a certified copy thereof, as provided by Section 540 of Kentucky Statutes. In Higdon v. Wayne County Sec. Co., 154 Ky. 337, 157 S. W. 708, this court held that the denial that the plaintiff is a corporation was merely a dilatory plea and should have been disposed of by the lower court and as the defendant did not bring the question to the attention of the lower court, he could not take advantage of it in this court. In the very recent case of McGuire v. Bastain Blessing Co., 275 Ky. 622, 122 S. W. (2d) 513, it was decided that when the existence of a corporation is called in question collaterally, strict proof of due incorporation is not required and parole proof of the corporation's existence is sufficient to sustain a verdict.

The defendants contend plaintiffs cannot maintain this equitable action to quiet title since neither its pleadings nor its proof show plaintiff to be in possession of the land in controversy. While each of the defendants filed a pleading designated an answer, each of them in this pleading assert title to the land described therein, and each of the defendants pray the court for the relief

to which he, or she, is entitled on final hearing. There can be no doubt but that each of the defendants was seeking affirmative relief, and such was granted by the chancellor on a final hearing when each defendant was adjudged to be the owner of the land in controversy between the plaintiff and that particular defendant. Therefore, the answer filed by each defendant was in reality an answer and counterclaim. In Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935, this court held a very similar pleading to the ones filed in this case to be an answer and counterclaim, giving as its reason that where a defendant seeks affirmative relief he will have his answer taken as a counterclaim. The rule is laid down in Combs et al. v. Combs, 238 Ky. 362, 38 S. W. (2d) 243 and Osborn v. Osborn, 204 Ky. 144, 263 S. W. 738, that where defendants assert title to land by answer and counterclaim and seek affirmative relief the court will consider the entire evidence and pass on the question of superiority of title. Title to land may be proven by showing it is deducible from the Commonwealth, or in lieu thereof tracing it back to a common source, and by adverse possession. Ogle v. Cole's Ex'rs, 221 Ky. 726, 299 S. W. 566. To establish its title plaintiff through its president, Crinkley, introduced in evidence a deed of date March 16, 1891, executed to it by Thomas M. Strunk and others, conveying to it in fee this 317 acres of land. No testimony was offered by plaintiff showing its title was deducible from the Commonwealth and its only testimony of adverse possession was by Mr. Crinkley who testified the plaintiff had "exercised authority and control over this land and paid state and county taxes thereon" since it had purchased same. This testimony by the president of the corporation is both meager and indefinite and it is not sufficient to show adverse possession. How did plaintiff exercise authority and control over this land; what use did plaintiff make of it; was the whole or any part of it enclosed by fence; did plaintiff cut timber therefrom; or erect buildings thereon; were any of the lands cultivated and were any part of them rented; were any houses built thereon and were any of these houses rented; and were any claims made to this land, or any part thereof, adverse to plaintiff? Plaintiff's testimony as to it holding this land adversely should have been such that a court reading it could answer the above questions. Plaintiff's testimony failed to show it has title to the land in controversy de-

ducible from the Commonwealth, or by adverse possession.

When we turn to the testimony of the various defendants we find that none of them have proven title to the lands in controversy by showing title deducible from the Commonwealth or by adverse possession. None of the defendants, except Cal Strunk, attempt to prove title by adverse possession. It appears from the record the plaintiff in about 1916 leased its mine to L. E. Bryant, who, with his wife owned 332 of the 500 shares of capital stock issued by the plaintiff and that Bryant and his wife made conveyance to all of the defendants except Cal Strunk, of the lands the defendants are now claiming title to. The deeds executed by Bryant and wife to defendants conveyed them the surface of various small tracts which appear to be within the boundary of the 317 acres plaintiff claims title to under its deed of 1891. The defendants do not show any conveyances from the plaintiff to Bryant, or his wife, or any conveyances from any other persons, or corporations, to Bryant or his wife, nor do they show any authority of Bryant, or his wife, to execute these conveyances on behalf of the plaintiff, and there is no testimony in the record that the plaintiff ratified any of these conveyances executed by Bryant and wife. As the first of these deeds executed by Bryant and wife to defendants is dated in 1921 and as this suit was filed in 1935, the defendants cannot assert title by adverse possession. If Bryant and his wife had no title to the lands claimed by defendants and if the plaintiff did not authorize Bryant or his wife to execute these conveyances and did not ratify same, no title passed thereby to the defendants. But we find in the deed executed to Cinda Anderson by Bryant and wife conveying her the surface to 14½ acres on March 7, 1925, this reference as to the grantors' title, "and being part of the land acquired by first party 9/15/14, recorded at Whitley City, Ky., in book 3, page 317-9." And in deed executed to General Strunk and wife, Jane, by Bryant and wife, conveying the surface in a tract (area not given) on March 7, 1925, this reference appears as to grantors' title, "Being a part of said first parties Strunks Lane and West Jellico Land title to which they derived by purchase of the Capital Stock of said Companies, Book 77, pages 140-149, Williamsburg, Ky." The court has a right to know whether or not

any effort was made to trace the record title of L. E. Bryant and wife to these lands, and the result thereof. Such a search might show Bryant and wife had title to the lands they attempted to convey, and that defendants obtained title through such conveyances.

The record shows Cal Strunk has title to 2 acres and 4 poles described by metes and bounds in the deed executed to him by Pleas Hickman in 1910. There is no controversy concerning his title to this lot. But Cal Strunk is claiming title by adverse possession to certain lands immediately adjoining his 2 acre lot and which he has under fence with same. Plaintiff introduced testimony Cal Strunk had moved his fence from time to time "during the last 15 years" and had taken part of the plaintiff's land into his enclosure. Cal Strunk introduced testimony to support his adverse possession of the land so fenced and his witnesses testify they "supposed" Cal had claimed this land since he bought his 2 acre tract in 1910. Such evidence is too indefinite and uncertain to have probative value. The testimony does not show just where the land Cal Strunk is now claiming lies in reference to the land plaintiff claims he has wrongfully fenced within the last 15 years. There is no testimony as to the area of the land in dispute between Cal Strunk and plaintiff and there is no evidence as to what use Cal has made of this land and what dominion he has exercised over same, and whether this was part of the land he fenced with the permission of plaintiff. Coffey Cordell testified he made a survey of Cal's land and a map thereof which he filed with his deposition. We are unable to find this map unless an unidentified map on page 116 of the record is it. Cordell's testimony does not disclose the area of the land he surveyed for Cal Strunk.

The record in this case does not contain sufficient evidence upon which the chancellor could with any degree of accuracy decide who had title to the lands in controversy. Plaintiff's evidence does not entitle it to a judgment nor does defendants' evidence entitle them to a judgment. While this is an equity action and we have authority to direct the entry of a final judgment, we find the evidence of both plaintiff and defendants too vague and uncertain to justify a final judgment, and due to the chaotic condition of the record we think the ends of justice require us to remand the case and that the

582

parties on each side be given opportunity to take further proof. Clark's Heirs v. Boyd, 152 Ky. 234, 235, 153 S. W. 227. We suggest that all surveys of the lands in dispute be shown on maps giving the calls and distances and area and that the maps show where the lands in controversy are located in relation to adjoining lands not in controversy, and that each map be identified. Our reason for this suggestion is that the surveys in the present record do not show the areas, the maps are not identified and they do not disclose the location of the lands in controversy in reference to the land about which there is no controversy.

For the reasons herein given, the judgment is reversed and cause remanded for proceedings consistent with this opinion.