**CARLSON et al. v. C. & C. COAL CO. et al.**

No. 612.

United States District Court, E. D. Kentucky.

Oct. 16, 1953.

Claude P. Stephens, Prestonsburg, Ky., Jesse K. Lewis, Lexington, Ky., for plaintiffs.

Cleon K. Calvert, W. R. Lay, Pineville, Ky., for defendants.

FORD, Chief Judge.

This is an action in ejectment. The plaintiffs seek to be adjudged the owners and entitled to the immediate possession of a tract of unenclosed mountain land located on the waters of Bullins or Trace Branch and Symses Fork, tributaries of Straight Creek in Bell County, Kentucky, which, according to the complaint, is valuable coal bearing land and which is and has been in the possession of the defendants for a number of years and from which the defendants are mining and removing valuable coal deposits as well as using it as a haulway through and over which to transport large quantities of coal from other boundaries of land, to plaintiffs' damage in the sum of $25,000.

By a writing executed by counsel for the respective parties and filed in the record, it is stipulated that this action is between citizens of different states and the matter in controversy exceeds the

sum or value of $3,000, exclusive of interest and costs; that the land in controversy in this action lies within the exterior boundary of a body of land containing 90,000 acres known as the Benjamin Say grant and without the exclusions described therein, and that in an action filed pursuant to the provisions of Chapter 22, Article 3 of the Acts of the General Assembly of Kentucky of 1906, Kentucky Statutes, § 4076b to 4076k, inclusive, a judgment by a court of competent jurisdiction was entered on the 14th day of May, 1908, forfeiting the Say grant to the Commonwealth of Kentucky for non-payment of taxes thereon for the five preceding years, and pursuant thereto the title to the grant was sold by the Master Commissioner of the Court and the purchase thereof by George W. Turner was duly confirmed by the Court and a deed of conveyance duly examined and approved by the Court was executed and delivered to him; that by mesne conveyances such title as George Turner acquired by the deed passed to the defendant Asher Coal Mining Company; that the land in controversy lies also within the exterior boundary of a tract of 50,000 acres which was granted by the State of Kentucky to Abraham Morehouse and which, by like procedure, was by judgment of a Court of competent jurisdiction forfeited to the Commonwealth of Kentucky and, pursuant to an order of sale, purchased by and conveyed to the defendant Asher Coal Mining Company on May 29, 1931. (For an exhaustive exposition of the nature and purpose of the legislation referred to, see Eastern Ky. Coal Lands Corp. v. Commonwealth, 127 Ky. 667, 106 S.W. 260, 108 S.W. 1138).

The Court adopts the facts set out in the stipulation as findings of the Court.

■■ Applicable to this action is the familiar rule that plaintiff in an action in ejectment can recover only on the strength of his own title, and not on the weakness of the title of his adversary, Thurman v. Doss, 312 Ky. 603, 606, 229 S.W.2d 317, and where plaintiff's title is put in issue, the burden rests upon plaintiff to establish superiority of title by a connected record to a common source or to the Commonwealth or by continuous fifteen (15) years actual adverse possession, Payne v. Edwards, 210 Ky. 417, 276 S.W. 116; Daniel v. Powell, 304 Ky. 52, 57, 199 S.W.2d 715.

To maintain the burden thus resting upon them, the plaintiffs Grace Harber and Hazel Carlson, who are the heirs at law of Mrs. Bettie L. Hoskins, introduced in evidence a deed to their mother, Mrs. Hoskins, from Frank and John M. Brock dated May 16, 1905, and another deed from Henry Bullins to John M. Brock dated March 21, 1887. Both of these deeds purport to convey the land described in the complaint as follows:

"Lying on Symses Fork, Left Hand Fork of Straight Creek and bounded as follows, to-wit:

"Beginning on a white oak stump and dogwood on the north side of said Symses Fork the Trace Fork of same between where John M. Brock and Jeff Bullins did live; thence a straight line to the back bone or turn of the spur that divides Trace Fork and left hand fork of Symses Fork (said Spur known as the Hale Camp Spur) thence down said spur to Wm. R. Cox line; thence with said Cox's line to a beech on south side of Trace Fork and corner to a fifty acre survey made in the name of Jacob Woollum; thence up and with said Trace Fork to two small Lynns on the line of a fifty-acre survey made in the name of William York; thence a South course with the line of said York survey to the divide between Trace Fork and Rock Hollow; thence with the top of said divide to the line between Greene Scott and Henry Bullins opposite the beech corner before mentioned thence down the mountain north to said beech corner; thence to the beginning."

Relying upon these deeds for color of title, plaintiffs assert that title to the land contained in the boundary thereof was transferred to and vested in Mrs.

Hoskins by the provisions of section 6, Article 3, Chapter 22 of the Acts of 1906, Ky.Statutes, § 4076g, which provided, in substance, that all title and claim forfeited to the Commonwealth in a forfeiture proceeding such as that set out in the stipulation was transferred to and vested in "any person for so much thereof as such person, or those under whom he claims, has had the actual adverse possession for five years next preceding the judgment of forfeiture, under claim, or color of title, derived from any source whatsoever, *and who, or those under whom he claims, shall have paid taxes thereupon for the five years in which such possession may have been or may be held; * * *.*" (Italics added.)

▮ Proof is lacking to show payment of taxes upon the property in question for the "five years next preceding the judgment of forfeiture" which was entered on May 14, 1908. The testimony of plaintiffs to the effect that their mother paid the taxes upon the property from the time she purchased it in 1905, if competent at all, relates only to three years of the five year period. To supply the requisite proof, in the face of the judgment of forfeiture for non-payment of taxes for the previous five years, plaintiffs resort to a presumption of performance of duty by public officers having the power to assess and collect taxes. No authority is cited and none has been found to justify application of such presumption to support an action for ejectment in favor of a plaintiff upon whom the statute expressly placed the primary duty to assess the property and pay the taxes thereon. Ky.Statutes § 4076b, Bryant v. Commonwealth, 190 Ky. 370, 373, 227 S.W. 564. The plaintiffs' claim that their mother acquired title or color of title to the property under the provisions of Kentucky Statutes § 4076g seems clearly untenable.

The land described in the complaint lies on both sides of the stream known as Bullins or Trace Branch. The controversy in this case, however, relates only to the part located on the North side of the stream, usually referred to by the witnesses as the left hand side, claimed by plaintiffs' surveyor to contain about 23 acres and by defendants' surveyor to be only about 3 acres. All of this part lying on the North or left side of the branch is shown by the evidence, without dispute, to be embraced in the boundary described in a deed executed and delivered to the defendant Asher Coal Mining Company by W. L. Knuckles and wife of date December 27, 1929, which title is traceable by mesne conveyances back to a 150 acre patent granted in the name of Jacob Woollum, which, being junior to both the Say and Morehouse grants, was void under § 4704, Kentucky Statutes, but nevertheless affords defendant color of title.

▮ In respect to plaintiffs' claim of title to the land here in dispute, by adverse possession, we may pass over without discussion or decision the questions presented as to the sufficiency of the description contained in the deed from John Brock to Mrs. Hoskins to constitute color of title; as to the sufficiency of the proof to establish requisite continuity of occupancy by the tenants of Mrs. Hoskins or to show her claim to a well defined or well marked boundary, and, for present purposes, we may assume that by adverse possession for the statutory period immediately following the judgment of forfeiture of 1908 Mrs. Hoskins acquired title to the property, yet such title as she may have so acquired is not immune from divestiture by adverse possession of a subsequent occupant under color of title for the statutory period. Culton v. Simpson, 265 Ky. 343, 351, 96 S.W.2d 856; Maloney v. Bedford, 290 Ky. 647, 649, 162 S.W.2d 198.

▮ It is established by preponderance of the evidence that continuously, for more than 15 years next before the filing of this action in 1952, the defendant Asher Coal Mining Company, lessor of the defendant C. & C. Coal Company, has, by its tenants Jesse Cox and Boyd Cox, adversely held and occupied the land in dispute lying on the North side of Bullins Branch under clear color of title and claim of right and ownership under

its deed of 1929 from W. L. Knuckles and wife, as well as by virtue of its asserted paramount legal title. By its adverse possession thereof for more than the statutory period next preceding the filing of this action, defendant divested the plaintiffs of any title or right thereto which they may have previously acquired.

The plaintiffs having failed to sustain the burden to establish their superiority of title as of April 17, 1952, the date of the filing of their complaint, to the land which they claim on the North side of Bullins Branch or any right to possession thereof, their claim should be denied and the complaint dismissed.

The defendant Asher Coal Mining Company having established its title to the land in dispute as against the claim of plaintiffs, defendants are entitled to judgment for the relief sought by their counterclaim, and for costs.

Counsel for defendants will prepare, serve and submit for entry judgment in conformity herewith.